IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KRISTINA LEIGH TREON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 15-00212-KD-N |
| | ) | |
| DAVID WILLIAM TREON, | ) | |
|     Defendant. | ) | |

**ORDER**

This matter is before the Court on Plaintiff's motion for summary judgment (Doc. 19), Defendant's Response (Docs. 21, 22), and Plaintiff's Reply (Doc. 23).

**I.    Findings of Fact**[1]

This case stems from the September 28, 1996-April 2, 2015 marriage (and divorce) between Plaintiff Kristina Leigh Treon (Plaintiff) and Defendant David William Treon (Defendant). Specifically, on April 17, 2015, Plaintiff initiated this action under the *Federal Wiretap Act*, 18 U.S.C. § 2510 *et seq.*, alleging that the Defendant, without her knowledge or consent, secretly and surreptitiously recorded her oral communications with third parties and intentionally intercepted, disclosed, <u>or</u> used the communications to bolster his position in the divorce proceedings (which commenced in August 2014). (Doc. 1).

**II.    Conclusions of Law**

**A.    Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.

---

[1] On summary judgment, the Court must "resolve all issues of material fact in favor of the [non-movant], and then determine the legal question of whether the [movant] is entitled to judgment as a matter of law under that version of the facts." McDowell v. Brown, 392 F.3d 1283, 1288 (11th Cir. 2004).

R. Civ. P. 56(a) (Dec. 2010).  The recently amended Rule 56(c) provides as follows:

> ***(1) Supporting Factual Positions.*** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> ***(2) Objection That a Fact Is Not Supported by Admissible Evidence.*** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> ***(3) Materials Not Cited.*** The court need consider only the cited materials, but it may consider other materials in the record.
>
> ***(4) Affidavits or Declarations.*** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed.R.Civ.P. Rule 56(c) (Dec. 2010).

The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. Celotex, 477 U.S. at 323.  "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and

making credibility determinations of the truth of the matter.  Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992).

**B.   Discussion**

    **1.   Liability**

Section 2511 of the *Act* provides, in relevant part, as follows:

> (1) Except as otherwise specifically provided in this chapter any person who—
>     (a) **intentionally intercepts**, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication;
>     \*\*\*
>     (c) **intentionally discloses,** or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, **knowing or having reason to know** that the information was obtained through the interception of a wire, oral, or electronic communication **in violation** of this subsection;
>
>     (d) **intentionally uses,** or endeavors to use, the contents of any wire, oral, or electronic communication, **knowing or having reason to know** that the information was obtained through the interception of a wire, oral, or electronic communication **in violation** of this subsection; ….

18 U.S.C. § 2511(1)(a), (c-d) (emphasis added).  Thus, the Act provides that a person who "intentionally intercepts" a communication is subject to civil liability. 18 U.S.C. § 2511(1)(a). The Act also subjects to civil liability anyone who: discloses the contents of an illegally intercepted communication or uses the contents of a intercepted communication -- knowing or having reason to know that it was illegally obtained, 18 U.S.C. § 2511(1)(c-d).

Plaintiff seeks summary judgment on the basis that Defendant has admitted, in his Answer and in his deposition, to violating the Act.  In his deposition, Defendant testified that during August 2014, he placed a voice activated electronic recording device under the driver's seat of the car that Plaintiff regularly drove, which stayed in the car for a "couple days[]" and that he also recorded at least three (3) people.  (Doc. 19-2 (Dep. D.Treon at 9, 11-12, 40-41)).  In

his Amended Answer, Defendant admitted he "placed an [sic] electronic recording device in the car driven by Plaintiff for the purpose of recording Plaintiff's communications without Plaintiff's knowledge[]" and "intentionally intercepted Plaintiff's oral communications without her knowledge[.]" (Doc. 12 at 2 at ¶¶7-8).  See also Doc. 19-2 (Dep. D.Treon at 20).

Nevertheless, on summary judgment, Defendant contends that there is a genuine issue of material fact because he relied on the advice of counsel who incorrectly informed him that the unauthorized recording of Plaintiff was not illegal in the State of Alabama.  (Doc. 22).  From this, Defendant asserts that he did not intentionally violate the Act because if he had known that recording Plaintiff in the manner he did was illegal, he would never have done it, and thus, summary judgment should be denied.  (Id.)

Regardless of Defendant's motive or advice of counsel, he has has repeatedly admitted that he intended to intercept the Plaintiff's communications.  Intentional means that the acts were not inadvertent or by accident, but that the violator knew of the factual circumstances (i.e., neither party consented to be recorded).  See generally Wadkins v. Werner, 2015 WL 3795968 (N.D. Miss. Jun. 17, 2015); Anderson v. City of Columbus, Ga., 374 F.Supp.2d 1240, 1246-1247 (M.D. Ga. 2005). "To prove an 'interception' violation of the Wiretap Act…a plaintiff need only show that the defendant intentionally, rather than inadvertently, intercepted the plaintiff's oral communication." United States v. Divingnzzo, 772 F.Supp.2d 1046, 1059 (D. Neb. 2011).[2]

---

[2] See also Jayne v. Bosenko, 2014 WL 2801198, *25-26 (E.D. Cal. Jun. 19, 2014) ("The FWA prohibits only intentional interceptions…if Defendants unintentionally recorded the calls, they did not violate the law….In Pharmatrak, the First Circuit looked to the legislative history of Congress's 1986 amendment to the Act changing the state of mind requirement from "willful" to "intentional."…Noting that the legislative history indicated that as used in the amendment "the term 'intentional' is narrower than the dictionary definition" of the term, see S. Rep. 99–541, 26 (1986), the court concluded "the purpose of the amendment was to underscore that inadvertent interceptions are not a basis for …civil liability" under the Act…Thus, under the Act, "[a]n act is not intentional if it is the product of inadvertence or mistake[]…"); Hayes v. SpectorSoft Corp., 2009 WL 3713284, *6 (E.D. Tenn. Nov. 3, 2009) (emphasis in original) (discussing inadvertent versus intentional interception under Section 2511: "the term 'intentional' is narrower than the dictionary definition of 'intentional.' 'Intentional' means more than that one
(Continued)

Given Defendant's testimony and admissions, he violated the Act such that Plaintiff's motion for summary judgment (Doc. 19) is **GRANTED in part** as to Defendant's liability for the intentional interception of her communications, 18 U.S.C. § 2511(1)(a).

### 2. <u>Damages</u>[3]

Civil damages are authorized under the *Act* as follows:

(a) In general.--Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

(b) Relief.--In an action under this section, appropriate relief includes—
    (1) such preliminary and other equitable or declaratory relief as may be appropriate;
    (2) damages under subsection (c) and punitive damages in appropriate cases; and
    (3) a reasonable attorney's fee and other litigation costs reasonably incurred.

(c) Computation of damages.—
***
    (2) In any other action under this section, the court may assess as damages whichever is the greater of—
        (A) the sum of the actual damages suffered by the plaintiff and any profits

---

voluntarily engaged in conduct or caused a result. Such conduct or the causing of the result must have been the person's conscious objective. An 'intentional' state of mind means that one's state of mind is intentional as to one's conduct or the result of one's conduct if such conduct or result is one's conscious objective. The intentional state of mind is applicable only to conduct and results. *Since one has no control over the existence of circumstances, one cannot 'intend' them[]");* Thompson v. Dulaney, 838 F. Supp. 1535, 1544 (D. Utah. 1993) ("In *United States v. Townsend*, 987 F.2d 927 (2d Cir.1993), …[t]he Court stated that the defendant must be shown to have acted 'deliberately and purposefully; that is, defendant's act must have been the product of defendant's conscious objective rather than the product of a mistake or an accident.'…this Court is convinced that this definition of intent is consistent with the view taken by the Tenth Circuit in *Thompson*. In *Thompson*, the court stated that the wording of the statute 'requires that interceptions be intentional before liability attaches, thereby excluding liability for inadvertent interceptions.'…Thus, the focus of the Tenth Circuit, like the Second Circuit, is on the issue of the deliberateness of the act, or, stated another way, whether the actor intended to intercept the communication or whether it happened inadvertently. Thus, Dulaney's motive, whether she acted with a bad purpose or in disregard of the law, is not the issue. *See* S.REP. No. 99–541, 99th Cong., 2d Sess. 23 (Oct. 17, 1986), reprinted in 1986 U.S.C.C.A.N. 3555, 3577–79 ('The term 'intentional' is not meant to connote the existence of a motive.'). As a result, this Court concludes that the proper focus is on the volitional nature of the act of intercepting the communication. Since Denise Dulaney does not contest the fact that she did voluntarily tape record these conversations, the Court concludes that she had the requisite intent as a matter of law[]").

[3] Plaintiff does not seek punitive damages.

>  made by the violator as a result of the violation; or
>  (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

18 U.S.C. § 2520(a-c).

With liability established, the only remaining issue before the Court is the matter of damages under the Act, 18 U.S.C. § 2520, for which Plaintiff has also moved for summary judgment. Specifically, Plaintiff seeks $10,000 in statutory damages (Doc. 21) plus $1,000 in attorneys' fees (Doc. 19-3 (Aff. J.Boone)). Defendant disputes the damages requested, asserting that he did not intentionally disclose or use the recordings in the divorce proceedings and thus, civil damages and attorneys' fees are not appropriate.

Upon consideration, it is **ORDERED** that this matter is set for a hearing, to address the issue of damages, on **January 14, 2016** at **1:00 p.m**., in Courtroom 5A of the United States Courthouse, 113 St. Joseph St., Mobile, Alabama 36602.

### III.    Conclusion

Based on the foregoing, it is **ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 19) is **GRANTED in part** as to Section 2511(1)(a) liability. Damages will be addressed at the **January 14, 2016** hearing and that portion of Plaintiff's motion resolved thereafter.

**DONE** and **ORDERED** this the 9th day of **November 2015**.

>  /s/ Kristi K. DuBose
>  **KRISTI K. DuBOSE**
>  **UNITED STATES DISTRICT JUDGE**