**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **KRISTINA LEIGH TREON,** | ) | |
| | ) | |
|    **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 15-00212-KD-N** |
| | ) | |
| **DAVID WILLIAM TREON,** | ) | |
| | ) | |
|    **Defendant.** | ) | |

**ORDER**

     This action is before the Court on the evidentiary hearing on Plaintiff Kristina Leigh Treon's claim for damages,[1] Plaintiff's motion to strike (doc. 28), and the Defendant's motion for leave to seal documents (doc. 30). Upon consideration, the motion for summary judgment is granted as follows: Plaintiff is awarded damages in the sum of $1,000.00.

     I. Background

     This action stems from the September 28, 1996-April 2, 2015 marriage and divorce between Plaintiff and Defendant. Specifically, on April 17, 2015, Plaintiff initiated this action under the *Federal Wiretap Act*, 18 U.S.C. § 2510 *et seq.*, alleging that the Defendant, without her knowledge or consent, secretly and surreptitiously recorded her oral communications with third parties and intentionally intercepted, disclosed, or used the communications to bolster his position in the divorce proceedings, which commenced in August 2014. (Doc. 1) [2]

     The Court granted summary judgment in favor of Plaintiff as to Defendant's liability for

---

[1] Plaintiff moved for summary judgment on her claim for damages. As explained, *infra*,

[2] According to the state court docket, the divorce complaint was filed on August 8, 2014 (doc. 22-9).

the intentional interception of her communications.  *See* 18 U.S.C. § 2511(1)(a). (Doc. 24) An

evidentiary hearing as to Plaintiff's claim for damages was held on January 14, 2016.  Plaintiff's

counsel, Defendant's counsel, and Defendant were present.  Plaintiff did not attend.

II.   Findings of Facts and Conclusions of Law regarding Damages [3]

Civil damages are authorized under the Electronic Communications Privacy Act, 18

U.S.C. § 2520 *et seq*., the Federal Wiretap Act, which states in relevant part, as follows:

(a) In general.--Except as provided in section 2511(2)(a)(ii), any person whose wire, oral,
or electronic communication is intercepted, disclosed, or intentionally used in violation of
this chapter may in a civil action recover from the person or entity, other than the United
States, which engaged in that violation such relief as may be appropriate.

(b) Relief.--In an action under this section, appropriate relief includes—

(1) such preliminary and other equitable or declaratory relief as may be
appropriate;

(2) damages under subsection (c) and punitive damages in appropriate cases; and

(3) a reasonable attorney's fee and other litigation costs reasonably incurred.

(c) Computation of damages.—

***

(2) In any other action under this section, the court may assess as damages
whichever is the greater of—

(A) the sum of the actual damages suffered by the plaintiff and any profits
made by the violator as a result of the violation; or

(B) statutory damages of whichever is the greater of $100 a day for each
day of violation or $10,000.

18 U.S.C. § 2520(a-c).

To assess damages, the Court begins with a determination of the "the sum of actual

---

[3] The Plaintiff did not demand a jury. Therefore the Court is the fact-finder as to the
damages to be awarded. Also, as to statutory damages, the statute provide that the Court
determine the issue. 18 U.S.C. § 2520(c)(2)

2

damages suffered by the plaintiff and any profits made by the violator as a result of the violation[.]" 18 U.S.C. § 2520(c)(2)(A); *Dorris v. Absher*, 179 F. 3d 420, 430 (6th Cir. 1999). As to actual damages, Plaintiff's divorce counsel testified that $1,000 was a conservative estimate of the part of his fee that resulted from the recordings. He testified that time was incurred to listen to the recordings, research the federal Wire Tap Act, prepare his client for deposition including how to answer and instructing her on potential objections, and to prepare questions for Defendant's deposition. He also testified that time was incurred to prepare and argue the unopposed motion in limine to preclude admission of the content of the recordings and to raise objections at the divorce trial.

Defendant does not dispute that Plaintiff's divorce counsel expended time to defend the possible use of the recordings in the divorce trial. Defendant does argue that there is not sufficient evidence as to the reasonableness of the fee charged by Plaintiff's divorce counsel, and therefore, summary judgment should be denied. (Doc. 22, p. 11)

However, the issue is whether Plaintiff incurred actual damages, not whether divorce counsel's fees were reasonable.  The undisputed evidence is that Plaintiff incurred at least $1,000 in legal charges related to the illegal wiretap.  Accordingly, the Court finds that Plaintiff's actual damages are $1,000. [4]

Next, to calculate statutory damages, the Court must determine "the greater of $100 a day for each day of violation or $10,000." 18 U.S.C. 2520(c)(2)(B).  Defendant testified that during August 2014, he placed a recording device in Plaintiff's vehicle three times and that he kept two or three recordings. Plaintiff stated that that the recording device was in the vehicle for "a couple

---

[4]  As to profits made by the Defendant, the parties do not dispute that Defendant did not profit from the recordings.

of days" and that her conversations with three different people were recorded. (Doc. 19-1, "Narrative Statement of Undisputed Facts").  Thus, for purpose of this damages calculation, the undisputed evidence shows that Plaintiff's conversations were recorded on at most three days. *McDowell v. Brown*, 392 F.3d 1283, 1288 (11th Cir. 2004) (the Court must "resolve all issues of material fact in favor of the" non-movant).  Calculating damages based on "$100 a day for each day of violation" would yield $300. Therefore, as a matter of law, $10,000 is "the greater of" these two calculations. 18 U.S.C. § 2520(c)(2)(B).

   Since Plaintiff's statutory damages of $10,000 is "the greater of" Plaintiff's actual damages of $1,000, the Court must determine whether statutory damages should be awarded. 18 U.S.C. § 2520(c)(2)(A)&(B).   In *DirectTV, Inc. v. Brown*, 371 F. 3d 814 (2004), the Eleventh Circuit found that an award of liquidated damages under the Wiretap Act was discretionary.  The Eleventh Circuit found that the 1986 amendment to the Act, wherein the phrase "'[a]ny person whose communication is intercepted . . . *shall* . . . be entitled to recover actual damages'" was amended to change "the mandatory term 'shall ' to the term 'may'", indicated that "Congress intended to delete the mandatory aspect of awarding damages under section 2520(c)(2)." *Id*. at 817 (italics in original).  Contrasting the damages provision in 18 U.S.C. § 2520(c)(1) with 18 U.S.C. § 2520(c)(2), the Eleventh Circuit found that "Congress intended the award of larger damages under subsection (c)(2) to be within the discretion of the trial court." *Id.* 817-818. Ultimately, the Eleventh Circuit held that the "use of the term 'may' is plain and means that an award of damages under section 2520(c)(2) is discretionary." *Id.* at 818.

   Since *DirectTV v. Brown*, certain factors to consider when deciding whether to award statutory damages have evolved; specifically, "the severity or minimal nature of the violation; whether there was actual damage to the victim; the extent of any intrusion into the victim's

4

privacy; the relative financial burdens of the parties; whether there was a reasonable purpose for the violation; and whether there was any useful purpose to be served by imposing the statutory damages amount." *Dish Network L.L.C. v. Bauder*, 2015 WL 1508419, at *7 (M.D. Fla. Apr. 1, 2015) (citing *DirecTV, Inc. v. Rawlins*, 523 F.3d 318, 325–26 (4th Cir. 2008) (citing *Nalley v. Nalley*, 53 F.3d 649, 654 (4th Cir.1995)).

As to the "severity or minimal nature of the violation", the parties do not dispute that Defendant recorded three conversations and disclosed two recordings as part of discovery.  The cross-examination testimony of Plaintiff's divorce counsel confirmed that the divorce court Judge did not allow any recordings at trial. Defendant testified that no one heard the recordings but for plaintiff, himself and the parties' divorce counsel.  He testified that he did not provide the recordings to the guardian ad litem and that the divorce court Judge did not hear or consider the recordings.  The undisputed evidence supports a finding that Defendant's violation was minimal and not severe, and therefore, this factor weighs against awarding damages.  *See Shaver v. Shaver*, 799 F.Supp. 576, 580 (E.D.N.C. 1992) (finding the intrusion was *de minimus* where defendant was in violation of the Act on two separate days). *Cf. Romano v. Terdik*, 939 F.Supp. 144, 150 (D. Conn. 1996) (finding the interceptions were not *de minimis* where there were forty-nine conversations intercepted on forty-nine separate days involving defendant's two children, his former wife, and her new husband and were recorded over a period of four years).

As to whether there were actual damages, Plaintiff's divorce counsel testified that Plaintiff incurred attorney's fees of approximately $1,000 related to the recordings.  Plaintiff did not offer evidence of any other actual damages. Since Plaintiff has presented undisputed evidence that she incurred additional attorney's fees of $1,000 specifically related to violations of the Act, this factor weighs in favor of awarding damages.

5

As to the extent of any intrusion into the Plaintiff's privacy, the parties do not dispute that the content of the recordings was disclosed only to Plaintiff, Defendant, and their respective divorce counsel. Nor do they dispute that the content of the recordings was not disclosed to the court or the guardian ad litem in the divorce proceedings. The undisputed evidence shows that at most three recordings were made during the month of August 2014.  Therefore, the undisputed evidence supports a finding that the extent of intrusion was minimal; therefore, this factor weigh against awarding damages.

As to the relative financial burdens of the parties, Defendant testified that he has primary residential custody of the parties' two teenage daughters and that Plaintiff was ordered to pay $500.00 per month as child support but was approximately $4,500 in arrears. Defendant also testified that he was ordered to pay two-thirds of their daughters' medical expenses.  Defendant also testified that he earns approximately $70,000 per year and in addition to providing a home and meals throughout the week, he also provides an insured vehicle for his oldest daughter, provides cell phones for both daughters, senior fees for his oldest daughter, and the expenses for cheerleading and school sports activities for his youngest daughter.

Plaintiff did not provide any evidence as to her current financial condition. However, Defendant testified that since the divorce in April 2015, [5] he paid Plaintiff $20,000 as her equity in the home and $18,000 for her interest in a camper.  Also, on cross-examination, Plaintiff's counsel elicited testimony from Defendant that at the time of the divorce, Plaintiff was earning $1,200 per month and had been ordered to pay $500.00 per month as child support.

There is no dispute of fact that Defendant is carrying the greater financial burden as to

---

[5] The judgment of divorce was entered on April 2, 2015. The judgment provided for these payments. (Doc. 22-1).

their daughters and that Plaintiff is in arrears in her support obligation in the approximate amount of $4,500. *See DIRECTV, Inc. v. Brown*, 371 F.3d 814, 818 (11th Cir. 2004) (recognizing the "potential of the [Wiretap Act] to bring financial ruin to persons of modest means, even in cases of trivial transgressions.") (citations omitted) (bracketed text added); *DirecTV, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1349 (M.D. Fla. 2003) (. . .  some courts consider the defendant's ability to pay an award of statutory damages"). Thus, this factor weighs against an award of statutory damages.

As to whether there was a reasonable purpose for the violation, Defendant testified that he placed the recording device in the vehicle that Plaintiff customarily drove because he suspected she was unfaithful. Defendant testified that he had seen names on Plaintiff's phone when she received notifications, that men from different states were on her Facebook page, that he had heard her talking on the phone to a man, and that he had photographs of Plaintiff, without her wedding ring, dancing with men at the casinos. The undisputed facts support a finding that Defendant had a reasonable purpose for the violation, *i.e.*, to determine whether his spouse had been unfaithful. *See Reynolds v. Spears*, 93 F. 3d 428, 436 (8th Cir. 1996) (finding that business owner had a "legitimate business interest" in determining whether a burglary had been an "inside job"); *Schmidt v. Devino*, 206 F. Supp. 2d 301, 308 (D. Conn. 2001) (finding that a violation was *de minimis* where, among other factors, "one of Devino's purposes was to prove that Roger Devino's faith in Schmidt was misplaced.").

As to whether a useful purpose would be served by imposing the statutory damages, Defendant's undisputed reason for violating the statute was directly related to his divorce – to determine whether his spouse had been unfaithful. Since those proceedings are over, and fidelity no longer at issue, there does not appear to be any useful purpose in imposing the statutory

damages. Arguably, a useful purpose may exist in deterring others from violating the Wiretap Act, but this alone does not convince the Court to award damages for a violation that resulted in minimal damages.  Therefore, this factor does not weigh in favor of awarding damages. *See Nalley v. Nalley,* 53 F.3d at 654 (finding no useful purpose for award of damages where defendant played a tape for her relevant family members and her attorney that disclosed an extramarital affair).

The award of liquidated damages under the Wiretap Act is discretionary. *DirectTV, Inc. v. Brown*, 371 F. 3d at 817-818.  In that regard, some courts have found that the Wiretap Act does not give discretion to award any sum between 0 and $10,000; but instead the district courts may award either $10,000 or deny damages.  *DirecTV, Inc. v. Huynh*, 318 F.Supp.2d 1122, 1132 (M.D. Ala. 2004) ("The court has discretion whether to award damages at all ... but the court, if it decides to award damages, has no discretion as to the amount."); *DirecTV, Inc. v. Griffin,* 290 F.Supp.2d 1340, 1347–48 n. 28 (M.D. Fla. 2003) ("Although a district court has the discretion to award the full amount of statutory damages authorized under § 2520(c)(2) or none at all, Congress did not grant district courts authority to prescribe an amount falling between those two choices."); *DirecTV, Inc. v. Craig*, 361 F.Supp.2d 1339, 1343 n. 8 (M.D. Ala. 2005) ("The Eleventh Circuit addressed this particular issue in *DirecTV, Inc. v. Brown,* [ ], holding that a district court has the discretion not to award liquidated damages under § 2520(c)(2). Notwithstanding, 'the court, if it decides to award damages, has no discretion as to the amount.'") (quoting *Huynh*, 318 F.Supp.2d at 1132.).

However, the Court finds that an award between $0 and $10,000 is permissible and relies on the dicta reasoning in *DirectTV, Inc. v. Barczewski*, 604 F.3d 1004, 1009 (7th Cir.2010). After deciding that the district courts have "discretion not to award statutory damages under the

statutory formula" and overruling the portion of *Rodgers v. Wood*, 910 F. 2d 444 (7th Cir. 1990),

which held that an "award of the maximum damages specified in § 2520(c)(2) [was] mandatory",

the Seventh Circuit stated as follows:

> Having said this, we add a few words about one question we are not deciding:
> Whether a judge has discretion to award damages under § 2520(c), but less than
> the maximum. Some of the four other circuits that have given "may" its natural
> reading might have assumed that the only choice is between $0 and the statutory
> maximum, but none actually holds that. Depriving the judge of discretion to
> choose an intermediate outcome could disserve both side's interests. A judge who
> thinks that some damages are appropriate, but that the maximum is too high for
> the defendant's financial or other circumstances, would be driven either to award
> $0 (sacrificing deterrence and compensation) or the maximum (which may
> impose an unwarranted burden on the defendant's family).

*Id*., at 1009-1010.[6]  The Seventh Circuit further explained that "if the need to impose *some*

penalty leaves no alternative to the statutory maximum, we are back to *Rodgers* in practical

effect, though through a different interpretative route." *Id*. at 1010 (emphasis in original). The

Court agrees.

Therefore, upon consideration of the undisputed evidence, the factors, the reasoning of

the Seventh Circuit and the decision in *Norris*, the Court finds that "some damages are

appropriate, but [] the maximum is too high for the defendant's financial or other circumstances."

*Barczewski*, 604 F. 3d. at 1010.  In order not to sacrifice "deterrence and compensation" and not

---

[6] Addressing a motion to amend a default judgment, the district court in *Dish Network, LLC v Norris,* 2011 WL 3471532, *2 (N.D. Tex. Aug. 4, 2011), found the *Barczewski* decision "persuasive", stating as follows:  "This Court also finds persuasive *Barczewski 's* discussion on the appropriate way to exercise the discretion afforded to district judges, which attempts to balance the need to deter illegal conduct against the burden of oppressively harsh penalties. . . . The Court finds that its original $1,500 award of statutory damages is an appropriate amount, enough to reprimand Mr. Norris for his behavior but not so much as to be unduly punitive."

impose a burden on Defendant's family, damages in the amount of $1,000 are awarded to Plaintiff.   Accordingly, summary judgment is granted in favor of Plaintiff and damages are awarded in the amount of $1,000.

The statute also provides for relief in the form of a "reasonable attorney's fee and other litigation costs reasonably incurred" 18 U.S.C. § 2520(b)(3).  However, Plaintiff did not provide any evidence as to her attorney's fees and costs.

III.  Motion to strike and motion to file under seal.

Plaintiff moved the Court to strike or exclude Defendant's pre-trial disclosure of two audio recordings (doc. 28).  In response, Defendant argued that he may use the recordings as evidence of motive or if needed for impeachment purposes. Defendant provided a transcript of the recordings in support of his response (docs. 30, 32). The Court denied Plaintiff's motion to strike or exclude stating that it would address whether the recordings should be excluded if and when Defendant offered them as evidence at the evidentiary hearing (doc. 37).  Defendant did not offer the recordings as evidence.  Plaintiff did not renew her motion to strike or exclude. Therefore, the motion remains denied.

Defendant also moved for leave to file the transcripts under seal until such time as the Court ruled upon Plaintiff's motion to strike or exclude (doc. 30).  As stated above, the motion to strike or exclude remains denied.  Accordingly, the motion for leave to seal is denied.  The parties did not present any reason why these transcripts should remain under seal.

**DONE** and **ORDERED** this 27th day of January 2016.

 s / Kristi K DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**